UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JOSEPH MULVEY,
            Plaintiff,

v.                                       Civil Action No.
                                        11-40151-TSH
SENATOR JOHN KERRY AND STAFF,
            Defendants.

ORDER AND REPORT AND RECOMMENDATION

HILLMAN, M.J.

On August 10, 2011, Plaintiff Joseph Mulvey filed[1] a pleading titled "submission of facts against Senator John Keary and staff." With this pleading, Plaintiff filed an application to proceed in forma pauperis.

Plaintiff explains that he has been seeking assistance from the Senator's office since the early 1990's and that, because he has not received the assistance that he requests, he now believes that they are "in fact co conspirator terrorists, would be murderers and thieve[s] and home invaders as defined pursuant to USC 18-241-242, USC 115 272 subsection 1331-1332 - A1-A2 USC 18-1951 under the RICO Act for Organized Crime Activities under the Color of Government, Law and Authority." Plaintiff also complains that President Obama failed to take action to stop terrorist activities at the property of the Mulvey family in Oxford, Massachusetts.

The Court's records indicate that Mr. Mulvey is not a new

---

[1]This action was randomly assigned to this Court pursuant to the District Court's Consent Program.

The Court's records indicate that Mr. Mulvey is not a new litigant in federal court. He has filed numerous pro se actions in this district as well as the District of New Hampshire and the District of Vermont.

Upon review of Plaintiff's application to proceed in forma pauperis, the Court finds that Plaintiff is unable to pay the costs of commencing this action. Accordingly, leave to proceed in forma pauperis is granted pursuant to the provisions of 28 U.S.C. § 1915(a). However, a summons has not issued in order to allow the court to review Plaintiff's complaint to determine whether it satisfies the requirements of the federal in forma pauperis statute. For the reasons stated below, the court concludes that it does not and, accordingly, that the case should be reassigned to a District Judge and summarily dismissed.

I. Standard of Review

Section 1915 of title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I). A claim "is frivolous where it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The Supreme Court has also held that courts may dismiss in forma pauperis complaints

2

sua sponte without notice if the claim is based on an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Forte v. Sullivan, 935 F.2d 1, 3 (1st Cir. 1991)(quoting Neitzke, 490 U.S. at 327). See also Street v. Fair, 918 F.2d 269, 272 (1st Cir. 1990).

## II. Discussion

The court will recommend that the complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, the court is aware that the allegations in the complaint must be taken as true. Estelle v. Gamble, 429 U.S. 97 (1976). Moreover, the court has been careful in reviewing the allegations insofar as they are made by a pro se complainant. See Haines v. Kerner, 404 U.S. 519 (1972).

Although the precise nature of Plaintiff's claims are difficult to discern, the Court finds that clear legal authority bars all of his claims. To the extent Plaintiff seeks to recover monetary damages against the defendant federal officials for the alleged violation of Plaintiff's constitutional rights pursuant to Bivens v. Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), such claims are non justiciable because of immunity. See, United States v. Stanley, 483 U.S. 669, 694 n. 12, 107 S. Ct. 3054, 97 L. Ed. 2d 550 (1987) (explaining absolute and qualified immunity of federal

3

and state officials).

More specifically, legislative immunity bars any claims against Senator Kerry and his staff arising from their response, or lack of response, to Plaintiff's requests for assistance. The Speech or Debate Clause, U.S. Const. art. I, § 6, cl. 1, confers on members of Congress immunity for all actions "within the 'legislative sphere,' even though their conduct, if performed in other than legislative contexts, would in itself be unconstitutional or otherwise contrary to criminal or civil statutes." Brown & Williamson Tobacco Corp. v. Williams, 62 F.3d 408, 415 (D.C.Cir. 1995) (quoting Doe v. McMillan, 412 U.S. 306, 312-13 (1973)); see also Eastland v. U.S. Serviceman's Fund, 421 U.S. 491, 506 (1975) (members of Congress and their aides enjoy complete immunity from civil liability for conduct within the "sphere of legitimate legislative activity).

To the extent Plaintiff seeks to bring a criminal suit pursuant to 18 U.S.C. §§ 241, 242, he lacks standing to bring such a suit because no statute authorizes him to do so. Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (per curiam); accord Cok v. Costentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam)(stating that only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); Stone v. Warfield, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal

criminal prosecutions).

Thus, this Court concludes that Plaintiff has not pled facts sufficient to state a claim upon which relief can be granted.

### III. Certification That Any Appeal Would Not be Taken in Good Faith

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), I find, and hereby certify, that any appeal by Mulvey of the matters contained in this Memorandum and Order would not be taken in good faith. Such a certification prohibits in forma pauperis status on appeal even though Mulvey has been found to be indigent.

Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Id. Similarly, under Fed. R. App. P. 24(a)(3)(A), a party who has been permitted to proceed in forma pauperis in the district-court action, or who has been determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization unless the district court - before or after the notice of appeal is filed - certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding. Id.

Based on Mulvey's litigation history, and his failure to state a claim upon which relief can be granted, any appeal by

5

Mulvey of this matter would not be taken in good faith. The good faith standard is an objective one, and an appeal is considered not taken in good faith if the appeal seeks review of issues that are frivolous. See Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is deemed frivolous when it is based on an "indisputably merit less legal theory or factual allegations that are clearly baseless." Forte v. Sullivan, 935 F.2d 1, 3 (1st Cir. 1991). This Court finds that any appeal would be one that plainly does not deserve additional judicial attention.

IV. Plaintiff's filings are vexatious and abusive

The Court notes that this is not the first time that plaintiff has lodged a complaint that fails to assert any plausible legal theory under which he could recover. To this end, the Court advises Plaintiff of his responsibility to research the facts and law before filing a complaint in order to determine whether his claim for relief is meritorious.

Plaintiff is advised that he could be subject to sanctions in the future because a district court has the power to enjoin litigants who abuse the court system by filing groundless and vexatious litigation. Elbery v. Louison, 201 F.3d 427, 1999 WL 1295871 at *2 (1st Cir. Dec. 17, 1999) (per curiam) (citing Cok v. Family Court of Rhode Island, 985 F.2d 32, 34 (1st Cir. 1993)). Under Rule 11, the Court may impose sanctions on an unrepresented party if he or she submits a pleading for an

improper purpose or if the claims within it are frivolous or malicious. See Fed. R. Civ. P. 11(b)(1), (2). Additionally, Section 1927 of Title 28 provides for the imposition of costs and expenses, including attorneys' fees, against a person for unreasonable and vexatious litigation. See 28 U.S.C. § 1927.

Apart from authority under Rule 11 and Section 1927, a district court has the inherent power to manage its own proceedings and to control the conduct of litigants who appear before it through orders or the issuance of monetary sanctions for bad-faith, vexatious, wanton or oppressive behavior. See Chambers v. Nasco, Inc., 501 U.S. 32, 46-50 (1991); accord United States v. Kouri-Perez, 187 F.3d 1, 6-8 (1st Cir. 1999) (same). Vexatious conduct occurs where a party's actions are frivolous, unreasonable or without foundation. Local 285 Service Employees Int'l v. Nontuck Resources Assoc., Inc., 64 F.3d 735, 737 (1st Cir. 1995).

Over the years, Plaintiff has filed several unsuccessful lawsuits raising allegations similar to those asserted here. The Court notes that Plaintiff's personal contact with the Courts in New Hampshire and Vermont were limited. See Mulvey v. New Hampshire Governor, et al., C.A. No. 05-310-SM (D.N.H. 2006) (plaintiff's contact with the Court was limited to written correspondence by mail due to his hostile and threatening behavior in the clerk's office); In re: Mulvey, 01-mc-55 (D. Vt.

7

2001) (plaintiff ordered to submit all correspondence, filings and fee by mail due to his actions [disorderly conduct] at the courthouse on June 4, 2001).

Plaintiff is warned that he could be enjoined from filing further actions in this Court absent permission from a judicial officer, and/or that he could be subject to monetary sanctions should he make any additional frivolous and/or unreasonable submissions to this Court.

## V. Notice of Right to Object

Mulvey is hereby advised, pursuant to Fed. R. Civ. P. 72, that if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court <u>within 14 days of his receipt of this Report and Recommendation</u>. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Mulvey is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) shall preclude further appellate review. <u>See</u> <u>Keating v. Secretary of Health and Human Services</u>, 848 F.2d 271 (1st Cir. 1988); <u>United States v. Emiliano Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>United States v. Vega</u>, 678 F.2d 376, 378-379 (1st Cir. 1982); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir. 1980); <u>see</u>

also Thomas v. Arn, 474 U.S. 140 (1985).

## VI. CONCLUSION

Based on the foregoing, it is hereby Ordered that:

1. The motion to proceed in forma pauperis is granted; and

2. The Clerk shall REASSIGN this action to a District Judge.

3. This Court RECOMMENDS to the District Judge to whom this case is assigned that this action be summarily dismissed because the complaint fails to satisfy the requirements of 28 U.S.C. § 1915(e)(2)(B); and

4. If the District Court approves this recommendation, this Court RECOMMENDS to the District Judge to whom this case is assigned that the court certify that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

5. Plaintiff is warned that he could be enjoined from filing further actions in this Court absent permission from a judicial officer, and/or that he could be subject to monetary sanctions should he make any additional frivolous and/or unreasonable submissions to this Court; and

6. Plaintiff has FOURTEEN (14) Days from his receipt of the foregoing report within which to file written objections. Any objections shall be filed with the Clerk of the Court.

SO ORDERED.

TIMOTHY S. HILLMAN
UNITED STATES MAGISTRATE JUDGE

DATED: 8/16/11

9